PIERGET, Judge.
Consolidated Credit Corporation obtained a judgment against C. W. Johnston and, on March 23, 1962, instituted garnishment proceedings under a writ of fieri facias naming Prentis Frazier doing business as Frazier’s Trade Post, 5454 Scenic Highway, Baton Rouge, Louisiana, as garnishee. Service thereof was made on the garnishee through C. W. Johnston who was managing the garnishee’s place of business in Baton Rouge.
Prentis Frazier, doing business as Frazier’s Trade Post, through counsel, filed an exception to the jurisdiction wherein he alleged:
“That exceptor is not a resident of or domiciled in the Parish of East Baton Rouge, State of Louisiana, but is a resident of and domiciled in the State of Mississippi, and that this Honorable Court is therefore without jurisdiction ratione' personae or ratione materiae.”
From a judgment of the Trial Court of date May 1, 1962 overruling said exception, garnishee appealed.
Counsel for Appellee takes the position it having been established the alleged garnishee had a place of business in the Parish of East Baton Rouge, under the provisions of LSA-C.C.P. Article 77, reading:
“An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.”
that venue was vested in the Nineteenth Judicial District Court.
*400 Under LSA-C.C.P. Article 2416 venue of a garnishment proceeding under a writ of fieri facias is the parish in which the garnishee may be sued under Article 42.
LSA-C.C.P. Article 43 provides:
“The general rales of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 83 and otherwise provided by law.”
Conceding that under the above quoted article counsel for Appellee is correct in his assertion the venue of this action is provided under LSA-C.C.P. Article 77, supra, we are then presented with the questions of (a) whether or not service on the non-resident individual by serving same on the manager of the place of business in Baton Rouge was in accordance with law; and, further, (b) whether or not such contention has been raised by Garnishee under the exception filed.
The old concepts of “jurisdiction ratione materiae et personae” were completely discarded by the new code, Introduction to Chapter 1 of Title I of Book I (1 LSA-C.C.P. 2) ; and there was substituted therefor the Anglo-American concepts of jurisdiction, jurisdiction over subject matter, jurisdiction over the person, jurisdiction over property in rem, jurisdiction over property quasi in rem, jurisdiction over status, and venue. LSA-C.C.P. Articles 1-10, 41. Further, the thirty-odd nominate exceptions recognized in Louisiana prior to 1961 were discarded, and only three exceptions retained — the declinatory exception, the dilatory exception, and the peremptory exception. LSA-C.C.P. Art. 922; Introduction to Title I of Book II, 1 LSA-C.C.P. page 141. Further, the former nominate exceptions are now made “objections” to be urged through one or the other of the three exceptions. LSA-C.C.P. Articles 925— 927. Hence, there is no longer any “exception to the jurisdiction of the court ratione personae”, and this procedural objection is now one of “improper venue” which must be pleaded through the declina-tory exception. LSA-C.C.P. Article 925 (4) and Article 41.
Upon analysis of the language used in the exception filed by Appellant, same does not pinpoint the objection pleaded to that of improper venue and it is apparent it must be characterized as an objection to the Court’s lack of jurisdiction over the person of Exceptor. He sets forth affirmatively that he is not a resident of the Parish of East Baton Rouge in the State of Louisiana, but is, in fact, a resident of the State of Mississippi, thereby objecting to the lack of the Court’s jurisdiction over his person.
Accordingly, under the provisions of LSA-C.C.P. Article 6(1), Article 7 and Article 925, the Nineteenth Judicial District Court of the State of Louisiana, by such service as was obtained in the instant case, was not vested with jurisdiction over the person of exceptor. Therefore, the exception should have been sustained.
For these reasons the judgment of the Trial Court is reversed at Appellee’s costs.